Peck, J.
delivered the opinion of the court.
In the compact with North Carolina, Tennessee has given a pledge that she will issue no grant unless founded on a bona fide claim, and all such as shall issue otherwise are declared void. 1804, ch. 14. This act is the foundation of the authority in Tennessee to grant the vacant territory in satisfying the claims of those to whom North Carolina had issued warrants. This trust on the part of Tennessee, it is hoped, has not been violated; many claimants were citizens of other States; our own citizens *526 were not to be preferred to those; and it may safely be said, that all the acts authorizing adjudications have been passed in good faith, and though abuses may sometimes have crept in, still it has not been the fault of the laws providing for adjudication. They are to be viewed as one whole; and taken together, evince much care in their provisions that frauds shall not be practised. When boards of commissioners have been appointed, or as in the present case, where the duty by act or resolution has been assigned to some officer, he becomes a judge; forms suitable rules for the attainment of truth where the law has not already given them, and when he has made a grant of a warrant or claim, the State cannot question its validity. Dillon’s case. 2 Tenn". R. Though by the provisions of some of the acts, a refusal to. grant a just claim author-ised an appeal to the courts, yet where this was not given, the-mandamus has been resorted to, to supply its place.
This being a brief view of the authority and practice under it, we are brought to consider the resolution of the last session, which gives rise to the case before us.
The preamble" assumes the fact to be, that the grants specified by numbers and dates have honestly issued, and that the warrants have been mislaid or lost. Then follows an authority to the Secretary of State, as commissioner, to receive on file for adjudication said grants; he is first to enquire if the land designated in them lay south of French Broad and Holston rivers, in the section of country where grants issued by North Carolina cannot hold the land; he is secondly, to enquire if any duplicate has issued; he is thirdly, to enquire from evidence laid before him, whether the grant properly issued upon a good and valid warrant, whether the warrant is mislaid, and^that no other grant has issued upon thecsame.
With these duties of the Secretary before us, let us enquire what is the point controverted between the applicant and officer. We have it in the answer of the latter: that to be enabled to perform the duties assigned him, he *527 expects proofs that no duplicate has issued; that the warrant on which the grant was founded was good and valid; that it had been mislaid; that it had never been adjudicated by any previous board, and that no other grant had issued thereon, and that this evidence, in the language of the proviso to the resolution, “should be laid before him,” in other words that the proof to make out a case for the granting the warrant, was to come from the applicant.
When we examine the resolution, it is impossible to come to a different conclusion from that held by the officer; for however simple the matters of enquiry may appear in the first member of the resolution, still in its conclusion, out of caution, proof at least prima facie, that this is an unsatisfied claim, is required, and certainly re-required of him holding the affirmative under the resolution.
Suppose the warrant lost; still the grant will show the number of it; or at least it is presumable, in the language of the respondent, that some memorandum will be preserved and point to it. If that be so, then it may be traced if again appropriated; and this argument gains strength the moment it is shown that the warrant is not on file, for it has become part of the history of the land titles in this country, that many warrants had been improperly taken from the office in North Carolina, and applied a second and third time in procuring grants.
But if withdrawn simply, and not a second time granted by North Carolina, then it may be it has been adjudicated and granted by Tennessee. Getting the number, therefore, which it is presumable can be had in North Carolina, will afford a clue by which it may be traced here. So that the whole results in this, that the best proof in the power of the party must be adduced. If no proof can be produced, and proper means have been used to get it, and the evidence of that fact be laid before the commissioner, then he will judge of it, and act accordingly.
*528 But taking; the resolution altogether, and construing it . , , , , ., , ° . ^ with the rules laid down m other previous acts on the same subject, it is unreasonable we should control the secretary. To control him would be to act capriciously, and disregard the caution the legislature thought proper to throw around the subject.
Judgment affirmed.